# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs March 21, 2017

## STATE OF TENNESSEE v. LUCY CAITLIN ALFORD AND JEREMIE ALFORD

**Appeal from the Circuit Court for Franklin County**
**Nos. 2016-CR-105-B, 2016-CR-105-C   Thomas W. Graham, Judge**

_____

### No. M2016-01764-CCA-R3-CD

_____

Following the denial of suppression motions, the defendants, Lucy Caitlin Alford and Jeremie Alford, entered guilty pleas in Franklin County Circuit Court to felony possession of methamphetamine and reserved the right to appeal certified questions of law relating to the sufficiency of the affidavit supporting the search warrant issued in this case. The defendants assert the affidavit, which was based on information provided by a confidential informant, failed to meet the two-pronged *Aguilar-Spinelli* test for probable cause, lacked independent police corroboration, and was materially misleading. The State contends the affidavit was sufficient. Following our review of the record and pertinent authorities, including the recent Tennessee Supreme Court decision of *State v. Jerry Lewis Tuttle*, ___S.W.3d ___, No. M2014-00566-SC-R11-CD, 2017 WL 1246855 (Tenn. Apr. 5, 2017), we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Glen A. Isbell, Winchester, Tennessee, for the appellant, Lucy Caitlin Alford.

B. Jeffery Harmon, District Public Defender, and Kandi Nunley, Assistant Public Defender, for the appellant, Jeremie Jackson Alford.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Courtney C. Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

The defendants were arrested following the execution of a search warrant obtained by Detective Kelly Gass with the Winchester Police Department. The supporting affidavit stated, in relevant part, as follows:

> On September 15, 2015 Investigator James Sherrill with the Coffee County Sheriff's Department came to me advising he had spoken with an informant in reference to narcotic traffic involving Jeremie Alford. Investigator Sherrill has only known this informant for a short time, but advised he has had several conversations with this informant in reference to narcotic traffic. Investigator Sherrill advised the information given by this informant has been true and correct due to Investigator Sherrill's investigations into the informants (sic) information. The informant has also given information leading to an arrest and conviction in a marijuana case involving Investigator Chad Partin, former Coffee County Sheriff's Investigator.
>
> Investigator Sherrill advised he spoke with this informant on September 15, 2015 and the informant advised he/she had been to the residence of Jeremie Alford at 500 South Jefferson [Street] in Winchester, TN and did see a quantity of methamphetamine within the past 48 hours. The informant advised he/she observed methamphetamine being weighed out. The informant knew this to be meth due to Jeremie Alford referring to it as meth and the informants (sic) past experience with meth use. The informant advised that he/she has purchased meth from Jeremie Alford in the past.

A Franklin County Grand Jury returned a four count indictment charging the defendants and Jonathan Lynn Cornelison with: theft of a handgun valued at more than $1000 but less than $10,000; possession of methamphetamine, a Schedule II controlled substance, with intent to sell or deliver; possession of Buprenorphine, a Schedule II controlled substance; and possession of drug paraphernalia. The defendants subsequently filed a motion to suppress the evidence collected after the execution of the warrant, arguing the warrant did not meet the requisite minimum standards of credibility and/or reliability as to the confidential informant providing the supporting information.

Detective Gass testified as the only witnesses at the hearing on the motion to suppress. Detective Gass confirmed he received the information leading to the search warrant from Investigator James Sherrill with the Coffee County Sheriff's Department. Investigator Sherrill came to the Winchester Police Department on September 15, 2015, to relay the information because the address was out of his jurisdiction. Investigator

Sherrill told Detective Gass that a confidential informant reported drug activity at 500 South Jefferson Street in Winchester, Tennessee. The informant recognized the substance as methamphetamine and reported it was being weighed by a man named Jeremie. Investigator Sherrill had worked with this informant in this past, and the information given resulted in a marijuana conviction. Detective Gass researched the address and confirmed a person named Jeremie Alford resided there. Agent Gass then obtained a search warrant while agents from the Tennessee Bureau of Investigation and Federal Bureau of Investigation conducted surveillance on the residence.

The trial court reserved its ruling but ultimately denied the motion, finding:

1) The [d]efendant's full name was discovered based on the informant's testimony and the investigation of the residence of 500 [South] Jefferson Street made by Detective Gass. There is nothing inconsistent in the affidavit wherein the full name Jeremy (sic) Alford is used. The affiant, as well as the other investigators, are not criminal informants and their investigative findings may be presumed reliable for the purpose of the affidavit.

2) With regard to the facts Detective Gass otherwise made part of the affidavit he certainly has the right to transmit hearsay so long as the same is from a reliable source. However, information relayed to Detective Gass by the other investigators and which came from the criminal informant must pass the two-prong *Aguilar* and *Spinelli* test. In this regard, the criminal informant's information and his reliability were corroborated by Investigator Sherrill who found same to be "true and correct" and further supported by the fact that the informant had previously given information to support a marijuana case wherein the subject in that case was both arrested and convicted. With regard to the basis of knowledge prong, clearly the criminal informant had a sufficient basis of knowledge since he was aware of the appearance of methamphetamine and he had observed it at the place to be searched within forty-eight (48) hours of the application for search warrant.

Since the criminal informant's information meets both the basis of knowledge and the reliability/credibility test required under Article I, Section 7 of the Tennessee Constitution, same may be transmitted by Investigators Sherrill and Partin to Detective Gass who may include same as was done in this Affidavit In Support of Search Warrant.

Shortly thereafter, both defendants pled guilty to one count of felony possession of a Schedule II narcotic and certified five questions of law concerning the sufficiency of the affidavit underlying the search warrant leading to their arrest. This timely appeal followed. Of the five questions initially certified for appeal,[1] only those listed below have been raised:

1. Whether the affidavit used to obtain the search warrant at issue establishes the probable cause necessary for the issuance of a search warrant as required by the 4th and 14th Amendments to the United States Constitution and Article I[,] sections 7 and 8 of the Tennessee Constitution?

2. Whether the affidavit used to obtain the search warrant at issue fails to establish sufficient evidence of independent police corroboration in order to compensate for the fact that the affidavit fails to establish the informant's reliability on its face as required in *Jacumin* and Article I[,] Section 7 of the Tennessee Constitution?

3. Whether the affidavit used to obtain the search warrant at issue in this case contained factual allegations which were materially misleading?

*Analysis*

On appeal, the defendants contend the affidavit submitted in support of the search warrant was insufficient because it did not demonstrate the confidential informant's basis of knowledge and the reliability of the information provided, it did not include independent police corroboration of the information provided by the informant, and it was materially misleading. The State contends the information contained in the affidavit was sufficient for the magistrate to determine the existence of probable cause, thereby making police corroboration unnecessary. Regardless, the police did corroborate the informant's identification of Jeremie Alford by identifying him as the resident of 500 South Jefferson Street. For this reason, the inclusion of the name "Jeremie Alford" in the affidavit, despite the informant's provision of the name "Jeremie" only, was not misleading. Following our review of the record and applicable law, we affirm the judgments of the trial court.

When reviewing a trial court's ruling on a motion to suppress, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolutions of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *State*

---

[1] To the extent the remaining two questions certified for appeal raise additional issues, they have been waived.

*v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). Accordingly, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." *Id*. Appellate courts conduct a de novo review of questions of law and the trial court's application of law to facts. *State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001). As the prevailing party, the State is "entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." *Odom*, 928 S.W.2d at 23.

Under both the Tennessee and United States Constitutions, no search warrant may be issued except upon probable cause, which has been defined as "a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." *State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998). Tennessee requires a written and sworn affidavit, "containing allegations from which the magistrate can determine whether probable cause exists," as "an indispensable prerequisite to the issuance of a search warrant." *Id*. The magistrate is then tasked with reading this affidavit "in a commonsense and practical manner." *State v. Saine*, 297 S.W.3d 199, 206 (Tenn. 2009). A finding of probable cause made by an issuing magistrate is entitled to great deference. *State v. Yeomans*, 10 S.W.3d 293, 296 (Tenn. Crim. App. 1999) (citations omitted). Accordingly, the standard to be employed in reviewing the issuance of a search warrant is "whether, in light of all the evidence available, the magistrate had a substantial basis for finding probable cause." *State v. Meeks*, 876 S.W.2d 121, 124 (Tenn. Crim. App. 1993) (citation omitted).

Prior to *State v. Jerry Lewis Tuttle*, Tennessee courts determined whether information provided by a criminal informant gave rise to probable cause using the two-prong test adopted by the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108 (1964) and *Spinelli v. United States*, 393 U.S. 410 (1969). *See State v. Jacumin*, 778 S.W.2d 430, 436 (Tenn. 1989) (adopting the two-pronged *Aguilar-Spinelli* test "as the standard by which probable cause will be measured to see if the issuance of a search warrant is proper under Article I, Section 7 of the Tennessee Constitution"). The *Aguilar-Spinelli* test required the supporting affidavit to show: (1) the informant's basis of knowledge; and (2) the veracity of the informant or the reliability of the informant's information. *Id.* We expounded on this two-prong test in *State v. Moon*, 841 S.W.3d 336 (Tenn. Crim. App. 1992), stating:

> Under the first or "basis of knowledge" prong, facts must be revealed which permit the magistrate to determine whether the informant had a basis for his or her information that a certain person had been, was or would be involved in criminal conduct or that evidence of crime would be found at a certain place. Under the second or "veracity" prong, facts must be revealed which permit the magistrate to determine either the inherent credibility of the informant or the reliability of his information on the particular occasion.

*Id*. at 338. While the affidavit need not give a large amount of detail regarding the informant's credibility, it had to contain "some concrete reason why the magistrate should believe the informant." *State v. Lowe*, 949 S.W.2d 300, 305 (Tenn. Crim. App. 1996). Independent police corroboration could make up for deficiencies in either the "basis of knowledge" or the "veracity" prong. *Moon*, 841 S.W.3d at 341.

In *Jerry Lewis Tuttle*, our Supreme Court considered the continuing viability of *Jacumin*, the Tennessee Supreme Court decision embracing the two-prong *Aguilar-Spinelli* test, and overruled it, instead adopting the totality-of-the-circumstances analysis established by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213 (1983). *Jerry Lewis Tuttle*, 2017 WL 1246855 at *13. When doing so, the Court reiterated:

> [U]nder the totality-of-the circumstances analysis, the informant's basis of knowledge and veracity or credibility remain highly relevant considerations. Rather than separate and independent considerations, they "should [now] be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question [of] whether there is 'probable cause' to believe that contraband or evidence is located in a particular place."

*Id*. at *15 (quoting *Gates*, 462 U.S. at 230). Under this analysis, bare-bones affidavits containing only conclusory statements remain insufficient, and independent police corroboration of the details provided by the informant continues to add value to the affidavit. *Id*. at *13.

Here, the affidavit indicated the informant had been to the residence located at 500 South Jefferson Street within the past forty-eight hours and witnessed methamphetamine being weighed by Jeremie Alford. The informant recognized the substance as methamphetamine because Jeremie Alford identified it as such, and he had purchased the narcotic from Mr. Alford on prior occasions. The affidavit indicted "Investigator Sherrill advised the information given by this informant has been true and correct" in prior investigations, and "[t]he informant has also given information leading to an arrest and conviction in a marijuana case involving Investigator Chad Partin, former Coffee County Sheriff's Investigator."

After reviewing the affidavit and applicable law, we conclude the trial court properly denied the defendants' motion to suppress. The facts set forth in the affidavit established the informant's veracity and basis of knowledge, both of which remain highly relevant considerations under the totality-of-the-circumstances analysis. Affording the State the strongest legitimate view of the evidence and viewing the totality of the

circumstances detailed in the affidavit in a commonsense and practical manner, we conclude the affidavit provided the magistrate with a substantial basis for determining the issuance of a search warrant for 500 South Jefferson Street would result in the discovery of methamphetamine on the premises. Accordingly, the defendants are not entitled to relief on this issue.

The defendants further contend the affidavit used to secure the search warrant at issue contained insufficient police corroboration, and the inclusion of Jeremie Alford's last name in the affidavit made it materially misleading. At the suppression hearing, Detective Gass testified that the confidential informant advised Investigator Sherrill of criminal drug activity occurring at 500 South Jefferson Street in Winchester, Tennessee by a man named Jeremie. Detective Gass subsequently corroborated this tip by verifying an individual named Jeremie Alford resided at that address. This independent police corroboration further validates the reliability of the informant. Moreover, the inclusion of this additional and accurate information in the affidavit that was uncovered through an independent investigation conducted by law enforcement prior to the execution of the warrant does not make the affidavit misleading. The defendants are also not entitled to relief on these issues.

### *Conclusion*

Based upon the foregoing authorities and reasoning, the judgments of the trial court are affirmed.

_____
J. ROSS DYER, JUDGE

- 7 -